| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X<br>In re:<br><br><br>MELANIE LYNN POWELL,<br><br>      Debtor.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X | <u>NOT FOR PUBLICATION</u><br><br>Chapter 7<br><br>Case No. 25-11391 (DSJ) |

<u>**BENCH DECISION AND ORDER**[1]</u>

**APPEARANCES:**

HERTZ, CHERSON & ROSENTHAL
*Counsel for Movant 2401 Davidson Associates, LLC*
118-35 Queens Blvd.
Forest Hills, NY 11375

By: Howard Levine, Esq.
    Geogia Papazis, Esq.


MELANIE LYNN POWELL, *Debtor Pro Se*

COURTNEY MANLEY, *Pro Se*


**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

      On July 22, 2025, the Court conducted a hearing to consider the motion of 2401

Davidson Associates, LLC ("**Movant**" or "**Landlord**") for various forms of relief from the

automatic stay in this action – specifically, a determination that the automatic stay does not apply

---

[1] The Court employs this Bench Decision format in cases where an oral ruling could be appropriate, but a written decision serves the interest of efficient dispute resolution and best meets time pressures present in a given case. Here, the Landlord has shown ongoing prejudice warranting a prompt ruling in light of Debtor's ongoing frustration of the movant-landlord's entitlements with respect to a rental apartment occupied by Debtor and others in which no rent is being paid and the Landlord is seeking relief for roughly $80,000 in rental arrears.

1

to the Landlord's ongoing efforts to regain possession of an apartment leased by Landlord to Debtor and others, pursuant to 11 U.S.C. § 362(b)(22), and/or an order lifting the stay pursuant to 11 U.S.C. § 362(d), and *in rem* relief as against possible future bankruptcy filings by other residents of the apartment that Debtor inhabits, pursuant to 11 U.S.C. § 105(a) in light of the conceded unavailability of *in rem* relief pursuant to Bankruptcy Code § 362(d)(4). The apartment in question (the "**Apartment**") is Apartment 6G at 2401 Davidson Avenue in the Bronx.

For reasons stated below, the Landlord's motion is GRANTED to the extent that the Court determines that the automatic stay does not bar or apply to the Landlord's efforts to enforce its entitlements to rent and possession of the apartment by virtue of 11 U.S.C. § 362(b)(22). Although that makes it unnecessary to lift the stay, to the extremely unlikely extent the applicability of section 362(b)(22) does not provide the Landlord with complete relief, the stay is lifted pursuant to 11 U.S.C. § 362(d)(1) and (d)(2).

However, the Court in its discretion does not at this time grant *in rem* relief under the purported authority of section 105(a) of the Bankruptcy Code. The availability of *in rem* relief ordinarily and more specifically is governed by § 362(d)(4) of the Bankruptcy Code and is generally limited to secured creditors. The Landlord concedes that it is not eligible for *in rem* relief under § 362(d)(4) but urges the Court to award functionally identical relief under the broad authority conferred by § 105(a) of the Bankruptcy Code. Because the case law is replete with cautions not to use section 105(a) as a roving commission to do equity, and because the statutory provision specifically authorizing *in rem* relief concededly does not apply to the present situation, *and* for the further reason that the Court believes it can provide the Landlord some measure of relief without adopting the Landlord's aggressive proposed use of § 105(a) to afford *in rem* relief, the Court declines to award such relief here. However, this Bench Decision and

2

Order makes findings that the Landlord may direct to any court that is assigned a future bankruptcy proceeding of a resident or purported tenant of the Apartment in support of an emergency motion to declare the stay inapplicable or to lift the stay.

## BACKGROUND/FINDINGS OF FACT

This Bench Decision and Order assumes familiarity with the case's background and highlights only matters material to the Court's decision.

In brief, the Landlord has endured an extended period of nonpayment of rent for the Apartment and has brought state-court actions and applications seeking the entry and enforcement of a judgment of possession and warrant of eviction. The appropriate state court awarded such relief, but Landlord's efforts to regain possession to the Apartment have been frustrated by a series of bankruptcy filings by three successive residents of the Apartment. Debtor is the third resident of the Apartment to file a Chapter 7 bankruptcy petition in an effort to forestall the eviction.

The pertinent facts are clear. A copy of the lease is annexed as Exhibit A to the Landlord's motion papers, and, specifically, to the affidavit of Jacob Eisenstein submitted in support of the Motion. The Court credits the Affidavit of Mr. Eisenstein. The lease's authenticity has not been disputed. The tenants listed on the lease are Courtney L. Manley and Melaine (sic) Powell.

Debtor defaulted on her lease obligations in October 2022 and Landlord commenced a housing court proceeding in January 2023. Eisenstein Aff. ¶ 4. The respondents to that proceeding were Mr. Manley and Ms. Powell. Following a trial, the presiding state court issued a decision awarding final judgment of possession in favor of the Landlord against the respondents. The state court's decision is annexed to Movant's moving papers. ECF No. 15, Ex. C. According

to that decision, "Respondent Manley" testified and made a number of legal and factual contentions, challenging aspects of the Landlord's entitlement to seek the relief it was pursuing, and asserting deficiencies in the Landlord's evidence as well as asserting that Respondents, meaning tenants, provided "numerous instruments" of "bills and notes" for which Respondents should have been credited.

The presiding state court's decision, ECF No. 15 at 27, states that the court "does not find credible Respondent Manley's testimony that Respondents issued payments to satisfy the arrears." The court noted there was no explanation or evidence supporting Respondents' contention that "instruments" or "bills and notes" that were a valid form of payment had been provided to the Landlord. When asked what bank was used to make the payments, Respondent Manley responded, "I am a private bank." Thus, the Court concluded, "Respondents provided no evidence, documentary or otherwise, to defeat Petitioner's proof of nonpayment of rent." *Id.* The Court therefore "ORDERED that Petitioner [meaning the Landlord] is awarded a final judgment of possession against Respondents Manley, Melaine Powell, and Emani Powell in the amount of $48,410. . . . Execution shall be stayed 5 days. The earliest execution date is June 10, 2024." *Id.* A judgment to that effect was entered on June 3, 2024. *See* ECF No. 15 at 28.

Soon thereafter Mr. Manley, individually, filed for Chapter 7 bankruptcy protection, and also filed a motion "for leave to reargue" the state court's adverse decision. The state court (specifically, the Civil Court of the City of New York, County of Bronx: Housing Part S) denied that motion by Decision/Order entered January 27, 2025. That decision took note of Mr. Manley's bankruptcy case, which had resulted in a discharge order, but concluded that "Respondent Manley failed to demonstrate that this court overlooked or misapprehended relevant facts or misapplied any controlling principle of law." ECF No. 15 at 34. After providing

4

extended explanation, the state court concluded that the motion was "denied in its entirety" and that "Petitioner may execute the warrant of eviction upon service of a notice of eviction as required by law." *Id.* at 35.

Upon the filing of such a notice of eviction, another resident of the apartment, Emani Elena Powell, then filed a bankruptcy petition, ECF No. 15 at 41, on February 3, 2025, to which this Court assigned docket number 25-10212-MEW. The Landlord moved for relief from the stay and this Court granted that motion on May 29, 2025.

The Landlord again served a notice of eviction, this time dated June 13, 2025. *See* ECF No. 15, Ex. I. In response, on June 24, 2025, Debtor filed her bankruptcy petition. ECF No. 1.

The Landlord then filed its Motion for relief from the stay and *in rem* relief, noting that the rental arrears due through July 1, 2025, now totaled $83,362.16, and that no payments had been made. The Court entered a notice, ECF No. 9, that Debtor has not made a deposit of funds as is required by statute and local rules of debtors who wish to take advantage of Bankruptcy Code § 362(l) to have the automatic stay apply to forestall evictions where a debtor is subject to a pre-petition final judgment of eviction based on unpaid rent. Debtor does not dispute that no such deposit has been made.

The Landlord also highlighted one document that appears forged or at least legally dubious, attached as Exhibit M to Debtor's opposition to the Landlord's motion. The document is characterized by Debtor as a money order, but it is merely a by-hand markup of a rent amount due statement, seemingly marked by Mr. Manley or another tenant, purporting to constitute a money order in the amount stated. That document self-evidently is not a valid form of payment, and Debtor's presentation of it as evidentiarily meaningful is concerning to say the least. Any future reliance on it may be a ground for sanctions or even criminal referral.

5

At the July 22 hearing, counsel for the Landlord appeared and argued, as did Ms. Powell *pro se*, joined by Mr. Manley, who despite not being an attorney was allowed to speak in response to the motion to ensure that the Court understood Debtor's contentions. The Court reserved decision.

## DISCUSSION

The basis of the Court's decision is simple, and substantially identical to that of Judge Wiles in the prior Emani Powell case. Debtor is presenting arguments and factual contentions that are similar or identical to those addressed by the state Housing Court's decision and judgment. But that court has already entered a final judgment rejecting those contentions and determining that the Landlord is entitled to back rent and to evict the Apartment's residents. This Court does not and cannot entertain requests to relitigate prior final judgments of state courts. "The Rooker–Feldman doctrine bars lower federal courts from undertaking appellate review of state court decisions." *In re BHB Enters.,* LLC, No. 97-01975-JW, 1997 WL 33344249, at *6 (Bankr. D.S.C. 1997) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *see also In re Powell,* No. 25-10212-MEW, 2025 WL 1779015, at *2 (Bankr. S.D.N.Y. June 26, 2025) ("Under the Rooker-Feldman doctrine I have no subject matter jurisdiction to permit a relitigation of the issues resolved in the Housing Court, or to hear and resolve challenges to the merits of the Housing Court's rulings.").

That reality alone is dispositive. Moreover, as noted above, the Landlord holds a final judgment and warrant of eviction in a sum certain, and Debtor has not made a required deposit of rent or otherwise satisfied the requirements for reinstatement of the automatic stay pursuant to Bankruptcy Code § 362(l). Accordingly, the stay is inapplicable by operation of Code Section 362(b)(22). In the alternative, to the unlikely extent this Court's ruling in reliance on Code

6

Section 362(b)(22) were not dispositive, the Court grants relief from the stay pursuant to Code Sections 362(d)(1) and 362(d)(2). The Landlord has more than established cause for relief from the stay, and stay relief is warranted to protect Landlord's interest in its property (the Apartment) while Debtor has no equity in the (rental and unpaid for) property and does not and cannot use it to reorganize (in this Chapter 7 liquidation case).

The Court sympathizes with the Landlord's request for *in rem* relief, in other words, a preemptive order that a future bankruptcy filing by any other resident of the Apartment would not trigger the automatic stay. The Court agrees with Landlord that the residents of the Apartment lack a legal basis to resist eviction and have exhibited a consistent pattern of filing for bankruptcies to repeatedly thwart the Landlord's lawful effort to enforce a state-court order and judgment and regain possession of the Apartment. But the Court is concerned that relief under Section 105(a) may be legally unwarranted given the Supreme Court's recent admonition, among others, that Courts should hesitate to rely on or should refrain from relying on Section 105(a) alone as authority to take action not supported by other specific Code provisions, especially where the substance of the relief sought is provided for by another section under which the movant is not eligible for relief. That is concededly the situation here, with Landlord ineligible for *in rem* relief under the provision that specifically authorizes it in some circumstances, namely, to protect holders of security interests in property. *See* 11 U.S.C. 362(d)(4); *see Harrington v Purdue Pharma L.P.,* 603 U.S. 204, 216 n.2 (2024) ("§ 105(a) alone cannot justify [certain relief] because it serves only to carry out authorities expressly conferred elsewhere in the code.") (internal citations and quotations omitted); *In re Dairy Mart Convenience Stores, Inc.,* 351 F. 3d 86, 92 (2d Cir. 2003) ("[Section 105(a)] does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a

7

roving commission to do equity.") (internal citations and quotations omitted); *In re Smart World Techs., LLC,* 423 F.3d 166, 184 (2d Cir. 2005) (concluding that section 105(a) "does not provide an independent basis" for relief not otherwise authorized by other provisions of the Bankruptcy Code); *In re Benton,* 662 B.R. 517, 523 (Bankr. S.D.N.Y. 2024) (declining to grant *in rem* relief to a landlord and questioning whether Section 105(a) can be used as a basis to provide such relief).

The Court does not definitively hold here that Section 105(a) could never be used to justify *in rem* relief, and the circumstances here are a tempting occasion to do so. But the Court believes it can provide a reasonable though less potent version of that relief by simply stating that the Landlord should retain a copy of this Bench Decision and Order, along with the record herein and the prior decision of Judge Wiles in the Emani Powell bankruptcy case, and can promptly seek emergency relief with specific reference to this decision and Judge Wiles's prior decision to corroborate a demand for immediate relief from the stay, on shortened notice if necessary. The Landlord has established a pattern of filings that, whatever the subjective intentions of three successive debtors who reside at the Apartment, has had the effect of continuously thwarting the Landlord's enforcement of a valid state-court order, with no objectively good-faith legal basis.

Finally, given the lack of merit in Debtor's position, and the baseless and seemingly bad-faith delay that the Landlord has already endured, this Bench Decision and Order shall be effective immediately upon entry, notwithstanding the usual 14-day stay on effectiveness of orders affecting the automatic stay. *See* Bankruptcy Rule 4001(a)(4).

## **CONCLUSION**

8

For the reasons stated above, the Landlord's Motion is granted to the extent that the automatic stay does not bar the Landlord's efforts to pursue eviction and enforce its remedies with respect to the Apartment, *see* 11 U.S.C. § 362(b)(22), and, to the extent necessary, the stay is lifted pursuant to 11 U.S.C. § 362(d)(1) and (2). The Court does not hereby grant *in rem* relief, but this Order may be used to support a future emergency application for relief from the stay if another resident of the Apartment files a future bankruptcy case. This Bench Decision and Order shall be effective immediately upon entry, without entry of a separate order, and the time to appeal shall begin to run upon entry of this Bench Decision and Order. If the Landlord believes a further order is necessary or would be beneficial, it may submit a proposed supplemental order on notice.

**IT IS SO ORDERED.**

Dated: New York, New York
      July 23, 2025

                                      *s/ David S. Jones*
                                      HONORABLE DAVID S. JONES
                                      UNITED STATES BANKRUPTCY JUDGE